United States District Court

For the Southern District of New York

**11 CIV. 3486**

Aboulaye Traore

       Plaintiff

     - Against -

Police Officer Frank Legaudant Shield _____
_____ Jersey Indiana, King _____ _____ Officers,
_____ District Attorney and District Attorney
____ NY05081 in New York County
District Attorney's office

| Civil
| Complaint
|
| Civil Action No.
|
| _____

## Civil Action

1. This is a Civil action brought pursuant to <u>42 U.S.C.</u> <u>section 1983</u>, and <u>42 U.S.C. 1985 Subd (3)</u>, to protect and defend the rights that are guaranteed under United States Federal Constitution. Jurisdiction of this court is invoke pursuant to <u>Title 28 U.S.C. Sec. 2131</u> and <u>Sec. 2132.</u>

## Plaintiff

Plaintiff <u>Abdulaye Traore</u> at all times herein mentioned was a prisoner of State of New York held in illegal confinement by the New York City department of Correctional Services for the County of New York at Rikers Island Detention Centers located in the County of Queen in East Elmhurst New York.

- 1 -

<u>Defendants</u>

3. Defendant Police officer Frank Laquidara Shield # 2967 is and was at al. times herein a officer working out of the 24th precent of New York County Police department. That Defendant Micheal King Police officer is and was at all times herein mentioned as Officer King in the County of New York Police department. That Defendant, the Assistant District Attorney working the case is and was at all times herein mentioned as the D.A. of New York County District Attorneys office. That all Defendants assisting one another in bringing false charges against the plaintiff for Robbery and Assault, a crime that never took place.

## First Cause of Action

1. On June 27th, 2009, at approximately 2:45Am, the plaintiff had been bar hopping for about an hour. The first bar the plaintiff went to was his "Neighborhood" club called 420, located at 80th & Amsterdam Avenue in Manhatten, N.Y. The Plaintiff had one drink there. The Plaintiff then went into a bar called Jakes & did not drink anything there. The Plaintiff then went to get a sandwich at a store located at 94th street & Amsterdam Avenue.

2. That Plaintiff was standing alone on the corner in front of the store when a marked police van pulled up directly in front of Plaintiff. That Plaintiff denies seeing any individuals engage into a fight at any point. The Plaintiff did notice that the turret lights on the van were on but did not know if the siren was also on because Plaintiff was listening to his Ipod.

3. That Defendants Officer Frank Laquidara and Officer Micheal King emerged from the van, Defendant Laquidara pushed the plaintiff chest, at this point, the plaintiff was facing the defendant.

— 2 —

The Plaintiff moved backwards four or five steps from the defendant's push. That Plaintiff further states that "It was one motion that defendant Laquidara pushed Plaintiff and grabbed Plaintiff on his left shoulder in order to turn plaintiff around so that he was facing the wall".

4. Defendants Laquidara and King then searched the plaintiff's three front pockets and two back pockets. Defendant Laquidara removed all of the following items from the plaintiff, His keys, his Ipod, his digital camera his wallet his cell phone and all of his money. The plaintiff's face was on the wall at this point. The Plaintiff noticed other officers arriving at the scene and started searching plaintiff, altogether there were five to six male officers. The Plaintiff continued to ask the Defendants Officer Laquidara and Officer King "Why am I being arrested", numerous times and Defendants stated "Shut up".

5. The Store employee that was making the Plaintiffs Sandwich then exited the store and said to the defendants Laquidara and King "No, No, No, No. He was not part of the fight". The store employee was standing by the doorway of the store and this was five to eight feet away from where the plaintiff was standing. The store employee told the officer & the defendants that they can watch the video of the fight and a few of the officers went into the store. The Plaintiff states that his head was against the wall with the defendant Laquidara's hand on the back of the plaintiffs head and the defendant Frank Laquidara shield # 12967 pushed forward into the wall, Ramming the Plaintiff head into the side of the building. The Plaintiff did not know if anything that happened prior prompted the defendant Laquidara to but Plaintiff's head against wall. Store employee later stated to Plaintiff that he saw the officers using excessive force by Ramming Plaintiff head against wall.

6. The plaintiff was escorted to the Station House by two officers, the defendants Officer Laquidara and Officer King, where the plaintiff was illegally detained, placed in a holding cell, where the plaintiff asked the Defendants Laquidara and King for medical Attention and was refused medical attention.

7. Defendant Laquidara came to the holding cell a few hours later and requested plaintiff take off clothes, and when plaintiff resisted the Defendant Laquidara physically and verbally threatened the Plaintiff and physically tried to take clothes off plaintiff, in which a struggle physically ensued between the plaintiff and the Defendants Laquidara and King. After the altercations between Plaintiff and the Defendants, the plaintiff again asked for medical attention and was again denied.

6. The Plaintiff was later transported downtown to Central Bookings and processed.

At No time was the Plaintiff Identified by any victim or witness or any type of Identification process.

10. On or about July 7, 2009 Plaintiff posted bail of $2,500 and was released.

11. The Plaintiff made numerous complaints at the 24th Precinct and at the Civilian Complaint Review Board in reference to this case.

12. The Case was dismissed against the Plaintiff and all charges dropped in favor of the accused.

13. That the Plaintiff was brought to Criminal Court and charged with the crimes of Robbery and Assault, all of which ...

- 4 -

... took place and the defendant's Laquidara and Kings and the usin ... of the case either knew and or should have known that their actions and ... all measures of federal law would violate Plai... 4th, 5th, 6th ... 8th and 14th Amendment rights of the United States federal ... ..., b'cause such ... and actions, amount to Excessive ... ... ... malicious ... in complete violation of both state and federal laws.

14. That the ... of the Plaintiff ... ... ... and a violation of the plaintiff's 4th Amendment rights under the United States federal ... in that the Plaintiff does have the constitutional right to be ... in his ... person against un ... seizure ... against ... ...

15. That As a direct result of the Defendants Frank Laquidara and Micheal Kings and the District Attorneys Acts and actions Plaintiff has been held in false imprisonment, at Rikers Island detention center in East Elmhurst New York for month because of the illegal arrest and in this matter has been compeled to face false charges of Robbery & Assult which in this case never took place anywhere or anytime in the state of New York and said charges are false and in violation of Plaintiffs 4th, 5th, 6th, and 8th and 14th Amendments protected by the United States federal Constitution.

16. That the Defendants acting together either Knew and or should have Known that their actions would violate Plaintiffs Constitutional Rights.

WHEREFORE, Plaintiff respectfully prays that this Court enter Judgement in his favor one of which declares that the arrest of the plaintiff was Unconstitutional and violated his rights to be secured in his own person under the 4th and 14th Amendments of the United States federal Constitution.

2. That this Court grant relief and enter judgement in favor of plaintiff one of which that declares Unconstitutional the illegal arrest of the plaintiff for an alleged Crime which never took place and that the same in this matter violated Plaintiffs constitutional rights under the United States Federal Constitution under the 4th, 5th, and 14th Amendments as embodied therein.

3. That this Court enter judgement in favor of plaintiff one of which declears as Unconstitutional the Charging of plaintiff with false Criminal Charges of Robbery in the first degree and Assult in the first degree in the Country of New York because No Such crime ever took place.

4. That this Court enter judgement in favor of plaintiff declearing the prosecution of plaintiff as currently based upon a Crime which never took place to be Unconstitutional and a violation of plaintiffs 14th Amendment rights as Protected Under the federal Constitution.

- 6 -

5. That this Court enter judgement in favor of Plaintiff granting damages in the sum of 5.6 Billion Dollars against the defendants as herein named and further that this Court enter injunctional relief against the New York County district Attorneys Office by declaring unconstitutional their Acts and their action(s) as taken against the plaintiff and that the same violated his 14th Amendment rights protected by the United States Federal Constitution.

6. That this Court enter judgement in Favor of plaintiff which barrs any further prosecution of plaintiff in a jurisdiction which has NO standing to prosecute the Plaintiff for a crime which did not take place.

7. That this Court enter judgement in favor of plaintiff ur a which decleare as ... done ... confinement ... plantiff ... alleged Crime which never ... grant plaintiff damages in the Sum of 120 million - Dollars including but Not limited to punitive damages of 5.3 million dollars against each defendant who took par ... irey to deprive him of same.

8. That this Court enter judgement in Plaintiffs favor ... which by the ... that the acts and ... to Cruel and unusal

unconstitutional in light of the 8th Amendment of the United States federal Constitution.

9. That this Court grant plaintiffs a trial by jury on issues which are triable by such...... And that further relief be granted which this Court deems just and proper.

I declare under Penalty of Perjury that the foregoing is true and correct.

Signed this 22nd day of April 2011

Respectfully Submitted

Abdalaye Traore