United States District Court
For the Southern District of New York

Abdoulaye Traore,

　　　　Plaintiff

－Against－

Police Officer Frank Laquidara Shield # 12967, Police Officer Micheal King of the 24th Precinct, Robert Morgenthau - District Attorney of Docket Number 2009NY050861 in New York County, The District Attorney's Office and The City of New York, and The New York City Police Department

#91 Amended

Civil Complaint

Civil Action No.

11 Civ 3486 (SAS)

## Civil Action

1. This is a Civil Action brought pursuant to 42 U.S.C. Section 1983, and 42 U.S.C. 1985 subd.(3), to protect and defend the rights that are guaranteed under United States Federal Constitution Jurisdiction of this Court is invoke pursuant to Title 28 U.S.C. sec. 2131 and Sec. 2132.

## Plaintiff

2. Plaintiff Abdoulaye Traore at all times herein mentioned was a prisoner of the State of New York held in illegal confinement by the New York City department of Correctional Services for the County of New York at Rikers Island Detention Centers located in the County of Queens in East Elmhurst New York.

-1-

## Defendants

3. Defendant Police officer Frank Laquidara shield # 12967 is and was at all times herein a officer working out of the 24th precent of New York County Police department. That Defendant Micheal King Police officer is and was at all times herein mentioned as Officer King in the County of New York Police department. That Defendant, the Assistant District Attorney working the case is and was at all times herein mentioned as the D.A. of New York County District Attorney's office. That all Defendants assisting one another in bringing false charges against the plaintiff for Robbery and Assult, a crime that never took place.

## First Cause of Action

1. On June 27th 2009, at approximately 2:45Am, the plaintiff had been bar hopping for about an hour. The first bar the plaintiff went to was his "Neighborhood" Club called 420, located at 80th & Amsterdam Avenue in Manhattan, N.Y. The Plaintiff had one drink there. The Plaintiff then went into a bar called Jakes & did not drink anything there. The Plaintiff then went to get a sandwich at a store located at 94th Street & Amsterdam Avenue.

2. That Plaintiff was standing alone on the corner in front of the store when a marked police van pulled up directly in front of Plaintiff. That Plaintiff denies seeing any individuals engage into a fight at any point. The Plaintiff did notice that the turret lights on the van were on, but did not know if the siren was also on because Plaintiff was listening to his Ipod.

3. That Defendants Officer Frank Laquidara and Officer Micheal King emerged from the van, defendant Laquidara pushed the plaintiff's chest, at this point, the plaintiff was facing the defendant.

- 2 -

The Plaintiff moved backwards four or five steps from the defendant's push. That Plaintiff further states that "It was one motion that defendant Laquidara pushed Plaintiff and grabbed Plaintiff on his left shoulder in order to turn plaintiff around so that he was facing the wall".

4. Defendants Laquidara and King then searched the plaintiff's three front pockets and two back pockets. Defendant Laquidara removed all of the following items from the plaintiff, his keys, his Ipod, his digital camera, his wallet, his cell phone and all of his money. The plaintiff's face was on the wall at this point. The Plaintiff noticed other officer arriving at the scene and started searching Plaintiff, altogether there were five to six male officers. The Plaintiff continued to ask the Defendants Officer Laquidara and Officer King "Why am I being arrested" numerous times and Defendants stated "Shut up".

5. The store employee that was making the plaintiff's sandwich then exited the store and said to the defendants Laquidara and King "No, No, No, No, He was not part of the fight". The store employee was standing by the doorway of the store and this was five to eight feet away from where the plaintiff was standing. The store employee told the officer & the defendants that they can watch the video of the fight and a few of the officers went into the store. The Plaintiff states that his head was against the wall with the defendant Laquidara's hand on the back of the plaintiffs head and the defendant Frank Laquidara shield # 12967 pushed forward into the wall, ramming the Plaintiff head into the side of the building. The Plaintiff did not know if anything that happened prior prompted the defendant Laquidara to hit Plaintiff's head against wall. Store employee later stated to Plaintiff that "He saw the officers using excessive force by ramming Plaintiffs head against wall.

- 3 -

6. The plaintiff was escorted to the station house by two officers, the defendants Officer Laquidara and Officer King, where the plaintiff was illegally detained Placed in a holding cell, where the plaintiff asked the Defendants Laquidara and King for medical Attention and was refused medical Attention.

7. Defendant Laquidara came to the holding cell a few hours after arrest and requested plaintiff take off clothes, and when plaintiff resisted the Defendant Laquidara physically and verbally threatened the Plaintiff and physically tried to take clothes off Plaintiff, in which a struggle physically occured between the plaintiff and the Defendants Laquidara and King. After the altercation between Plaintiff and the Defendants, the plaintiff again asked for medical Attention and was again denied.

8. The Plaintiff was later transported downtown to Central Bookings and Processed.

9. At No time was the Plaintiff Identified by any victim of the case, or any type of Identification process.

10. On or about July 7, 2009 Plaintiff posted bail for $2,500 and was released.

11. The Plaintiff made numberous complaints at the 24th precent and at the Civilian Complaint Review Board in reference to this case.

12. The Case was dismissed against the plaintiff and all charges was dropped in favor of the accused

13. That the plaintiff was brought to Criminal Court and charge with the crimes of Robbery and Assult, all of which

- 4 -

never took place and the defendant Laquidara and King, and the District Attorney of the case either knew and or should have known that their actions would by all measures of federal law would violate Plaintiffs 4th, 5th, 6th and 8th and 14th Amendment rights of the United States Federal Constitution because such acts and action(s) amount to excessive force, false imprisonment, false Arrest and malicious prosecution in complete violation of both state and federal laws.

14. That the arrest of the Plaintiff while he was in his neighbourhood was illegal and a violation of the plaintiff 4th Amendment rights under the United States Federal Constitution in that the Plaintiff does have the Constitutional Right to be secured in his own person against unlawful seizure by government agents or people working for the government.

15. That as a direct result of the Defendants Frank Laquidara and Micheal Kings and the District Attorneys Acts and actions Plaintiff has been held in false imprisonment, at Rikers Island detention center in east Elmhurst New York for months because of the illegal arrest and in this matter has been compeled to face false charges of Robbery & Assult which in this case never took place anywhere or anytime in the state of New York and said charges are false and in violation of Plaintiffs 4th, 5th, 6th, and 8th and 14th Amendments protected by the United States Federal Constitution.

- 5 -

16. That the Defendants acting together either knew and or should have known that their actions would violate plaintiffs Constitutional Rights.

WHEREFORE, Plaintiff respectfully prays that this Court enter judgement in his favor one of which declares that the arrest of the plaintiff was Unconstitutional and violated his rights to be secured in his own person under the 4th and 14th Amendments of the United States Federal Constitution.

2. That this Court grant relief and enter judgement in favor of plaintiff one of which that declares Unconstitutional the illegal arrest of the plaintiff for an alleged crime which never took place and that the same in this matter violated plaintiffs constitutional rights under the United States Federal Constitution under the 4th, 8th, and 14th Amendments as embodied therein.

3. That this Court enter judgement in favor of plaintiff one of which declears as Unconstitutional the charging of plaintiff with false criminal charges of Robbery in the first degree and Assult in the first degree in the County of New York because no such crime ever took place.

4. That this Court enter judgement in favor of plaintiff declearing the prosecution of plaintiff as currently based upon a crime which never took place to be Unconstitutional and a violation of plaintiffs 14th Amendment rights as protected under the federal Constitution.

5. That this Court enter judgement in favor of plaintiff granting damages in the sum of 5.6 Billion Dollars against the defendants as herein named and further that this Court enter injunctional relief against the New York County district Attorneys Office by declearing unconstitutional their Acts and their action(s) as taken against the plaintiff and that the same violated his 14th Amendment rights protected by the United States Federal Constitution.

6. That this Court enter judgement in favor of plantiff which barrs any further prosecution of plaintiff in a Jurisdiction which has NO standing to prosecute the Plaintiff for a crime which did not take place.

7. That this court enter judgement in favor of plaintiff one of which declears as unconstitutional to continue illegal confinement of plaintiff for an alleged crime which never took place and further that for such illegal confinement this court grant plaintiff damages in the sum of 120 million Dollars including but not limited to punitive damages of 5.3 million dollars against each defendant who took part in the violation of plaintiffs rights as well as the conspircy to deprive him of same.

8. That this Court enter judgement in Plaintiffs favor one * which by this courts ruling declears that the acts and ... of the defendants as a whole violates plaintiffs constitutional rights and amount to cruel and unusal

- 7 -

Punishment in violation of the 8th Amendment of the United States federal Constitution.

9. That this Court grant plaintiffs a trial by jury on all issues which are triable by such...... And that further relief be granted which this Court deems just and proper.

I declear under Penalty of Perjury that the foregoing is true and correct.

Signed this 22nd day of April 2011

Respectfully Submitted

Abdoulaye Traore

Amended July 27, 2011

Abdoulaye Traore

- 8 -

Pro Se Office
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 230
New York, N.Y. 10007

RECEIVED 2011 JUL 29 PM 4:53 SDNY PRO SE OFFICE

Abdoulaye Traore
349 1101048
18-18 Hazen Street
East Elmhurst, N.Y. 11370

To Pro Se Office:

I have amended my complaint and I have enclosed "2" copies signed and dated. I have "Not" served any of the defendants.

Enclosed is also a request for a manual and a request for an attorney.

Please contact me a.s.a.p. for any corrections or mistakes, thank you very much for your time and concern in this matter.

Sincerely
Abdoulaye Traore

Dated: July 27, 2011